IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEVALIN DE'ANDRE WISEMAN                                                    PLAINTIFF

v.                                      Case No. 4:22-cv-04105

OFFICER DALTON POTTER                                                      DEFENDANTS

## ORDER

Plaintiff Devalin De'Andre Wiseman originally filed this 42 U.S.C. § 1983 action *pro se* on November 1, 2022. ECF No. 1. Along with his Complaint, Plaintiff submitted an Application to Proceed *in forma pauperis* ("IFP"). ECF No. 2. The Court provisionally filed the Complaint and IFP Motion. ECF No. 3. Currently before the Court is Plaintiff's failure to comply with orders of the Court.

Upon review of Plaintiff's IFP Application, the Court determined it was deficient and ordered Plaintiff to resubmit a completed IFP Application. *Id.* On November 1, 2022, the Court provided Plaintiff with a blank IFP Application and directions for resubmitting the IFP Application by November 22, 2022. *Id.* The Order was not returned as undeliverable. Plaintiff never responded. On November 28, 2022, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to the Court's November 1, 2022 Order. ECF No. 5. Plaintiff's response was due December 19, 2022. *Id.* The Show Cause Order was not returned as undeliverable. To date Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 1st day of March, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge